UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOHN LORADITCH,                                                          Case Number:

                Plaintiff,

      -v-                                                                              **COMPLAINT**

BRONXCARE HEALTH SYSTEM,

               Defendant.
--------------------------------------------------------X

Plaintiff, JOHN LORADITCH ("Mr. Loraditch" or the "Plaintiff") by and through his attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for his Complaint against BRONXCARE HEALTH SYSTEM ("BronxCare" or "Defendant") alleges upon knowledge to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

1. This action is brought pursuant to the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York, as amended, including The Local Civil Rights Restoration Act, effective October 3, 2005, as well as Local Laws 1, 34, 35, 36, 37, 38, and 40 of 2016 ("NYCHRL") and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff (a 66-year-old man with a cognizable disability) claims that Defendant discriminated against him and otherwise unlawfully terminated his employment due to his age and disability (and/or perceived disability).

### JURISDICTION AND VENUE

3. Plaintiff alleges jurisdiction is based upon 28 U.S.C. § 1332, insofar as it involves Defendant who is a citizen of New York and a Plaintiff who is not a citizen of New York for the purposes of diversity jurisdiction.

4. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as Defendant resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *PARTIES*

6. Plaintiff is citizen of the State of Connecticut where he resides.

7. At all times herein pertinent, Plaintiff was an "employee" and "person" within the meaning of the NYCHRL.

8. At all times herein pertinent, Defendant was and is a domestic not-for-profit corporation authorized to do business in the state of New York with a principal place of business located at 1276 Fulton Avenue, Bronx, NY 10456.

9. At all times herein pertinent, Defendant was an employer under the NYCHRL and had four (4) or more persons in its employ at all times herein pertinent.

## BACKGROUND FACTS

10. Plaintiff worked fourteen (14) years for Defendant as an Attending Physician in the emergency room and urgent care units.

11. On April 1, 2020, Plaintiff began working in a non-clinical role in the nursing department of the emergency room. As part of this job, he was employed with a Volunteer/Medical Student status with pay.

12. Due to his exceptional performance, on April 14, 2020, he was offered a full-time, non-clinical job as a Logistics Manager, which Plaintiff immediately accepted.

13. The following day, Plaintiff called out sick from work. Soon thereafter it was determined that Plaintiff contracted COVID-19 and became extremely ill, which rendered him

physically unable to return to work until June 2020.  In fact, due to his condition and complications arising because of it, Plaintiff was in the hospital for an extended period of time, during which he was on a ventilator in the ICU for 18 days, in physical rehabilitation where he had to learn to walk again, and in a sub-acute facility for three weeks before returning home.

14.     Defendant was maintained apprised of Plaintiff's delicate medical condition throughout his time at the hospital and during his recovery.  Defendant never expressed any issue with Plaintiff needing to be out due to his disability and actually approved his leave.

15.     Starting June 2020 throughout October 2021, Plaintiff repeatedly contacted Defendant to return to work; Defendant repeatedly did everything to avoid bringing him back due to his disability.

16.     In June 2020 and August 2020, Defendant gave him the run around, urging him to rest up and get better, even though Plaintiff was willing and able to return to work.

17.     In September 2020 - a couple of months into the height of the COVID-19 pandemic - Defendant, a renowned hospital in the Bronx, advised him that he could not return to work claiming there was a two-week "job freeze."  Two weeks later, Defendant told Plaintiff that the "job freeze" would continue through the end of 2020.

18.     Defendant's assertion that there was "job freeze" of any kind, particularly one lasting through the remainder of the year, defies logic and is belied by the facts.  For one, virtually all hospitals in New York City were scrambling during this time to hire more people, not to stop them from working.  Second, upon information and belief, Defendant was, in fact, hiring people during this time.

19. Undeterred by Defendant's lies about job freezes, Plaintiff continued regularly calling Defendant to inquire about his job. On or about May 27, 2021, Defendant advised Plaintiff "the money is dried up. There is no job [for you here]."

20. On or about May 28, 2021, Defendant reiterated to Plaintiff that there was no place for him at the hospital, stating "Let me be clear: there is no job [for you]."

21. Since September 2021, Plaintiff applied for two different jobs at Defendant's hospital, but he was never considered for same, leaving clear that Defendants end game was to get rid of him due to his age and disability.

22. Making matters worse, during the time that Defendant claimed to have a "job freeze" and refused to bring Plaintiff back to work, Defendant discriminatorily replaced him with a younger, less qualified individual (in his thirties) without any known disabilities.

23. Due to Defendant's actions, Plaintiff has been effectively terminated since June 2020.

24. Defendants treated Plaintiff unequally and less well than other employees because of his age and disability, in violation of NYCHRL.

25. Employees outside Plaintiff's protected classes were treated more favorably than Plaintiff.

26. At all times relevant, Plaintiff was qualified to perform his essential job duties with reasonable accommodations.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Age Discrimination under the NYCHRL*

27. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

28. Defendant discriminated against Plaintiff on the basis of his age in violation of NYCHRL by denying him the same terms and conditions available to younger employees and effectively terminating him due to same.

29. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Section NYCHRL, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

30. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

31. Defendant has acted with malice or reckless indifference to the Plaintiff.

32. Therefore, Plaintiff is entitled to all remedies and relief afforded by NYCHRL, including but not limited to, back pay, front pay, and emotional distress, as well as any and all injunctive relief.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Disability Discrimination under the NYCHRL*

33. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

34. Defendant discriminated against Plaintiff on the basis of his disability in violation of NYCHRL by denying him the same terms and conditions available to younger employees and unlawfully terminating him due to same.

35. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Section NYCHRL, Plaintiff has suffered and continues to suffer substantial losses,

including the loss of past earnings, the loss of future earnings, and the loss of other employment benefits in an amount to be proved at trial.

36. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental consequential damages and expenses in an amount to be proved at trial.

37. Defendant has acted with malice or reckless indifference to the Plaintiff.

38. Therefore, Plaintiff is entitled to all remedies and relief afforded by NYCHRL, including but not limited to, back pay, front pay, and emotional distress, as well as any and all injunctive relief.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff requests a judgment against the Defendants:

a. Declaring that the Defendant has violated the aforementioned statutes;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. Awarding future income to Plaintiff in an amount to be proven at trial, representing all loss of future earnings, including reasonable and expected increases, loss of retirement income, diminution in Plaintiff's prospective social security benefits which will be computed over the Plaintiff's prospective statistical life expectancy, and all other benefits the Plaintiff would have expected to earn during the Plaintiff's lifetime had it not been for Defendants' unlawful discrimination;

d. Awarding damages to the Plaintiff to make the Plaintiff whole for any economic losses suffered as a result of such unlawful employment practices;

e. Awarding statutory penalties;

f. Awarding Plaintiff compensatory damages for mental and emotional distress, pain and suffering in an amount to be proven at trial;

g. Awarding Plaintiff punitive damages;

h. Awarding Plaintiff attorneys' fees and costs and expenses incurred in the prosecution of the action;

i. Awarding pre and post-judgment interest as provided by law;

j. Awarding Plaintiff such other and further relief as available under the statues;

k. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
April 14, 2022

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
Louis M. Leon, Esq. (LL2057)
*Attorneys for Plaintiff*
108 West 39th Street, Ste. 602
New York, New York 10018
(212) 583-7400
LLeon@CafaroEsq.com